UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEFFREY THRALL,

                              Plaintiff,

    -v.-                                      5:09-CV-00567
                                                          (NPM/GHL)

CNY CENTRO, INC.; CHARLES
WATSON, *as the Business Agent of
the Amalgamated Transit* Union Local
580; and AMALGAMATED TRANSIT
UNION LOCAL 580,

                              Defendants.

---

APPEARANCES:

| | |
|---|---|
| OFFICE OF ROBERT L. RILEY<br>*Attorney for Plaintiff*<br>120 East Washington Street<br>University Building<br>Suite 325<br>Syracuse, New York  13202 | ROBERT L. RILEY, ESQ. |
| FERRARA, FIORENZA, LARRISON,<br> BARRETT & RIETZ, P.C.<br>*Attorneys for Defendant, CNY Centro, Inc.*<br>5010 Campuswood Drive<br>East Syracuse, New York  13057 | CRAIG M. ATLAS, ESQ. |
| BLITMAN & KING, LLP<br>*Attorneys for Defendants, Charles Watson<br> and Amalgamated Transit Union Local<br> 580*<br>443 North Franklin Street<br>Suite 300<br>Syracuse, New York 13204 | NATHANIEL G. LAMBRIGHT,<br>ESQ. |

Neal P. McCurn, Senior District Judge

### *Memorandum, Decision and Order*

## *I. Introduction*

Presently before the court are motions to dismiss the complaint and motions for sanctions against plaintiff and his attorney.  Plaintiff has opposed all four motions, and defendants have replied.  Decision is rendered on the papers submitted,[1] without oral argument.

## *II. Procedural Background*

This civil rights action was jointly removed to this court by defendants CNY Centro, Inc. ("Centro"), Charles Watson and Amalgamated Transit Union Local 580 ("the Union").  Plaintiff, Jeffrey Thrall ("Plaintiff"), originally commenced this action in state court on April 3, 2009, seeking compensatory and punitive damages for several causes of action related, in part, to his termination from employment and denial of disability pension benefits.  According to plaintiff, all of the causes of action in his complaint are related to his discovery of documents that were fraudulently withheld by defendants, which would have called into question the results of a grievance review board decision relating to his application for disability pension benefits from Centro.  Included in the complaint are purported claims under New York common law for breach of contract, wrongful termination, breach of the duty of fair representation, fraudulent

---

[1] The court declines to consider plaintiff's surreply.  See Dkt. No. 47.  Not only is this submission untimely, see Dkt. No. 46, but the arguments contained therein are in no way responsive to any of defendants' arguments in their respective reply papers.  In fact, all of the arguments set forth in plaintiff's purported surreply could have been raised in his memorandum of law in opposition to the pending motions.

2

concealment and abuse of process.  In addition, plaintiff purports to set forth a civil rights claim pursuant to 42 U.S.C. § 1983 as a predicate for his claims that defendants violated his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution.

### *III.  Legal Standard*

When deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the factual allegations in the complaint as true, drawing all inferences in favor of the plaintiff.  See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003) (quoting Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir.2001)).  The court is generally "required to look only to the allegations on the face of the complaint."  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir.2007).  However, in addition to the complaint's factual allegations, the pleading includes any written instrument or exhibit attached to a complaint and incorporated by reference.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir.2002) (citing Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995)).  Courts may also take judicial notice of state court decisions when deciding a Rule 12(b)(6) motion to dismiss.  See Nemeth v. Village of Hancock, No. 3:10-CV-1161, 2011 WL 56063, at *1, n.2 (N.D.N.Y. Jan. 7, 2011) (citing Chambers, 282 F.3d at152-53; Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2d Cir.1993)).

In order to survive a Rule 12(b)(6) motion, a plaintiff must allege enough facts "to raise a right of relief above the speculative level."  See Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 1965 (2007).  The complaint must contain sufficient factual allegations, accepted as true, to state a facially

3

plausible claim.  See Ashcroft v. Iqbal, — U.S. —, —, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974).  However, assessing whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

## *IV.  Factual Background*

The court will, as it must, accept as true the following factual allegations in plaintiff's complaint.

Plaintiff is a former employee of Centro and member of the Union.  In January 2002, Centro notified Plaintiff that it was replacing him due to his absence from work.  At no time did Centro state that it was terminating Plaintiff.  The Union filed a grievance challenging the alleged termination of Plaintiff, but the grievance was never properly addressed by Centro or the Union and was never resolved.

Plaintiff timely applied for disability pension benefits.  Centro denied Plaintiff's application based on its allegation that Plaintiff was not an employee at the time the application was submitted.  Neither Centro nor the Union advised Plaintiff of his right and/or alleged obligation to apply for disability pension benefits while still an employee.  At some point after Plaintiff's application for disability pension benefits was denied, Charles Watson withdrew Plaintiff's membership in the Union.

On April 18, 2003, Charles Watson filed a grievance challenging the denial of Plaintiff's application for disability pension benefits.  The grievance was denied.  On August 19, 2003, the grievance was submitted to a grievance review board ("GRB") under the terms of the collective bargaining agreement between

4

Centro and the Union. The Federal Mediation and Conciliation Service ("FMCS") made available Commissioner Edward Garrow to act as mediator.

The result and finality of the GRB proceedings was the subject of litigation in the New York Supreme Court, Onondaga County, before the Honorable William R. Roy, via an Article 78 proceeding to compel arbitration. On April 5, 2004, Judge Roy decided that the GRB reached a final decision, and dismissed Plaintiff's amended petition. On appeal, the New York State Appellate Division, Fourth Department, affirmed. See Thrall v. CNY Centro, Inc., 793 N.Y.S.2d 795, 17 A.D.3d 1026 (N.Y. App. Div. 2005).

Plaintiff claimed, ostensibly in the Article 78 proceeding, that Commissioner Garrow did not vote in the GRB proceeding, that any alleged determination made by the GRB was advisory in nature, not binding, and that Plaintiff was entitled to proceed to arbitration pursuant to the collective bargaining agreement. In May 2004, Plaintiff's then attorney requested from the Union a copy of any joint application made to the FMCS in connection with Plaintiff's grievance before the GRB. In response, the Union's attorney provided correspondence which indicated, among other things, that Plaintiff's matter would be submitted to the GRB.

Plaintiff thereafter submitted a Freedom of Information Act request to FMCS, ostensibly for any joint application made to the FMCS in connection with Plaintiff's grievance before the GRB. In December 2008, Plaintiff received two documents from FMCS in response to his FOIA request, which indicate that Centro and the Union requested "grievance mediation" from FMCS, and that the "mediation agreement" between Centro and the Union, indicated that "if either party does not accept an advisory opinion, the parties may proceed to arbitrate the

5

matter." Compl. ¶ 37. These documents were never disclosed by either Centro or the Union to Plaintiff, his attorneys, or Judge Roy. Plaintiff alleges these documents were "fraudulently concealed." Id. ¶ 39.

Plaintiff also alleges that Centro made false statements on the record in the Article 78 proceeding before Judge Roy and that Centro and the Union fraudulently concealed documents "in order to deprive [] Plaintiff[] of his rights under the Collective Bargaining Agreement, Attendance Policy, Pension Benefit Plan, Laws of the State of New York, Laws of the United States of America, and the Plaintiff's right to property and liberty in violation of his rights under the 5th and 14th Amendments of the United States Constitution." Id. ¶¶ 45, 46.

Judicial notice is taken of the following procedural background related to the above referenced Article 78 proceeding by Plaintiff against Centro.

In his amended petition in state court, Plaintiff alleges that Centro's "actions are unconstitutional in that they violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution . . . by subjecting [Plaintiff] to a deprivation of property without adequate due process." Ex. C to Aff. of Nathaniel G. Lambright, May 28, 2009, ("Lambright Aff."), Dkt. No. 4-3. In addition, Plaintiff alleged that the Union breached its duty of fair representation. Ultimately, Plaintiff requested an order annulling the decision of the GRB. Thereafter, Judge Roy, finding that the only evidence before him was that "the mediator voted along with the company representatives[,]" ordered that the amended petition be dismissed and that the decision of the GRB is final and binding. See Exs. D and E to Lambright Aff., Dkt. No. 4-4. The Appellate Division, Fourth Department affirmed without opinion. See Thrall, 793 N.Y.S.2d 795, 17 A.D.3d 1026.

6

In June 2009, by Order to Show Cause, Plaintiff moved to vacate Judge Roy's order and judgment. On November 9, 2009, the Honorable James P. Murphy granted Plaintiff's motion and ordered that the prior order and judgment be vacated. See Dkt. No. 61. Judge Murphy found on the record that "Judge Roy decided this case based upon a misrepresented fact or scenario as to how this board would be constituted and also the function of the particular board that sat for [Plaintiff's] case." Id., at 32:18-21. Thereafter, Plaintiff filed a motion for summary judgment. In April 2010, Judge Murphy granted Plaintiff's motion, and ordered that the GRB decision at issue here is annulled, void and of no force and effect. See Dkt. No. 69. An appeal of both the November 9, 2009 and April 19, 2010 Orders is pending before the Appellate Division, Fourth Department.

## *V. Discussion*

### *A. Claims Pursuant to 42 U.S.C. § 1983*

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state ... law." Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (quoting Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980) (internal quotations omitted)). "Section 1983 is not itself a source of substantive rights[,] but merely provides a method for vindicating federal rights elsewhere conferred[.]" Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689 (1979)).

#### *1. The Union and Charles Watson are not State Actors*

Labor unions such as the Union here are generally not state actors within the meaning of § 1983 and Plaintiff does not argue otherwise. See Giardina v. Nassau

7

County, No. 08-CV-2007, 2010 WL 1850793, at *6 (E.D.N.Y. May 7, 2010) (citing Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002)).  Nor does plaintiff allege that Charles Watson, as the business agent of the Union, is a state actor.  In order to state a § 1983 claim against a private entity, "the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act."  Ciambriello, 292 F.3d at 324 (citation omitted).  Here, Plaintiff makes no allegation that Charles Watson or the Union conspired with Centro to violate his constitutional rights.  Plaintiff alleges that the Union and Centro were parties to an agreement which was "fraudulently concealed" from him, but fails to allege that this concealment was the result of a conspiracy.  In any event, any such allegation would not be plausible considering the adversarial nature of the employer - labor union relationship between the defendants here.  See id.  Accordingly, the § 1983 claim against Charles Watson and the Union is dismissed.

### *2.  The Article 78 Proceeding Provides Due Process*

In support of his § 1983 claim, Plaintiff merely alleges that the defendants have violated his rights under the First, Fifth and Fourteenth Amendments. The complaint is devoid of any allegations to substantiate a plausible First Amendment claim.  Accordingly, because Plaintiff fails to state a claim under the First Amendment, any such purported claim must be dismissed.

To be sure, the complaint does include allegations which would state a plausible Due Process claim.  Plaintiff alleges that both defendants' failure to disclose documents and Centro's misrepresentation of facts in the Article 78 proceeding constitute a deprivation of his right to property and liberty in violation of his rights under the Fifth and Fourteenth Amendments of the United States

8

Constitution.  These deprivations relate to the outcome of a grievance on Plaintiff's behalf regarding the denial of his disability pension benefits.  Assuming Plaintiff can establish that he possesses a liberty or property interest protected by law, it is clear from the allegations in the complaint, as well as the proceedings in state court, of which judicial notice is taken, that Plaintiff cannot state a claim under the Due Process Clause.  "In New York State, an Article 78 proceeding provides public employees with an avenue of post-deprivation redress that satisfies due process requirements."  Sebast v. Mahan, — F.Supp.2d —, 2010 WL 4774098, at *7 (N.D.N.Y. 2010) (citing Gudema v. Nassau County, 163 F.3d 717, 724 (2d Cir.1998)).  Accordingly, Plaintiff's § 1983 claim against Centro is also dismissed for failure to state a claim.

### B.  Pendent State Law Claims

Remaining for consideration are Plaintiff's pendent state law claims.  Because there is no diversity of citizenship in this case and the federal cause of action has been dismissed against all defendants, the state law claims are dismissed for lack of subject matter jurisdiction.

A district court may decline to exercise supplemental jurisdiction over a state law claim if, as here, all claims over which it has original jurisdiction have been dismissed.  See 28 U.S.C. § 1367(c)(3).  "[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice."  Fischer & Mandell LLP v. Citibank, N.A., No. 09 CV 1160, 2009 WL 1767621, at *6 (S.D.N.Y. June 22, 2009) (quoting Ricci v. DeStefano, 530 F.3d 88, 122 (2d Cir.2008) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614 (1988))).  Because this case is at the

9

early stages of litigation and Plaintiffs' § 1983 claim has been dismissed, the court finds it appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

### *C. Motions for Sanctions*

Centro and the Union each seek sanctions against Plaintiff and his attorney under Rule 11 of the Federal Rules of Civil Procedure. Generally, district courts have wide discretion in deciding when sanctions are appropriate. See Sanko S.S. Co., Ltd. v. Galin, 835 F.2d 51, 53 (2d Cir. 1987). Under Rule 11 the court may sanction a party, "if the court determines that the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court." Williamson v. Recovery Ltd. Partnership, 542 F.3d 43, 51 (2d Cir. 2008) (citing Fed. R. Civ. P. 11). The court deems it inappropriate to award sanctions at this time, considering the findings of Judge Murphy in the Article 78 proceeding, which prompted him to vacate that court's previous order and subsequently grant Plaintiff's motion for summary judgment. Accordingly, the motions for sanctions by Centro and the Union are denied. It should be emphasized, however, that because subject matter jurisdiction is lacking regarding the pendent state law claims, the court's denial of defendants' motions for sanctions should not be interpreted as support for the merits of those claims.

### *VI. Conclusion*

In accordance with the foregoing discussion, it is hereby

ORDERED that the motion by defendants Charles Watson and Amalgamated Transit Union Local 580 against plaintiff, Jeffrey Thrall, for dismissal of the complaint, see Dkt. No. 3, is GRANTED in its entirety, and it is

further

ORDERED that the motion by defendant CNY Centro, Inc. against plaintiff, Jeffrey Thrall, for dismissal of the complaint, see Dkt. No. 7, is GRANTED in its entirety, and it is further

ORDERED that the motion by defendants Charles Watson and Amalgamated Transit Union Local 580 against plaintiff, Jeffrey Thrall, and his attorney for sanctions, see Dkt. No. 12, is DENIED, and it is further

ORDERED that the motion by defendant CNY Centro, Inc. against plaintiff, Jeffrey Thrall, and his attorney for sanctions, see Dkt. No. 14, is DENIED, and it is further

ORDERED that the Clerk of the Court shall close this case.


IT IS SO ORDERED.

DATED:   February 18, 2011
         Syracuse, New York


_____
Neal P. McCurn
Senior U.S. District Judge